IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATASHA ANN RHINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-167-AMG |
| ) | |
| MARTIN O'MALLEY, ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Natasha Ann Rhine ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. (Doc. 1). The Commissioner filed the Administrative Record ("AR") (Doc. 5), and the parties have fully briefed the issues. (Docs. 6, 13, 14).[2] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 11, 12). Based on the Court's review of the record and issues presented, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings.

---

[1] Martin O'Malley, as Commissioner of the Social Security Administration, is substituted as Defendant in this suit. *See* Fed R. Civ. P. 25(d).

[2] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

I.      **The Disability Standard and Standard of Review**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. § 404.1521; *see id.* §§ 404.1502(a), 404.1513(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment

or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[3] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy.  20 C.F.R. § 404.1520(a)(4)(i)-(v).  Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure.  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).  If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience."  *Id*.  "The claimant is entitled to disability benefits only if [he or she] is not able to perform other work."  *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence."  *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Staheli v. Comm'r, SSA*, 84 F.4th 901, 905 (10th Cir. 2023 (quoting *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)); *see also Lax v. Astrue*, 489 F.3d 1080,

---

[3] RFC is "the most [a claimant] can still do despite [a claimant's] limitations."  20 C.F.R. § 404.1545(a)(1).

1084 (10th Cir. 2007) (defining substantial evidence as "more than a scintilla, but less than a preponderance"). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002). But "an agency decision that either applies an incorrect legal standard or is unsupported by substantial evidence is subject to reversal." *Staheli*, 84 F.4th at 905.

**II.     Procedural History**

Plaintiff filed an application for DIB on April 14, 2020, alleging a disability onset date of April 1, 2020. (AR, at 131, 133, 305). The SSA denied the application initially and on reconsideration. (*Id*. at 154-57, 166-71). Then an administrative hearing was held on June 2, 2022. (*Id*. at 53-118). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id*. at 18-47). The Appeals Council subsequently denied Plaintiff's request for review. (*Id*. at 1-6). Thus, the ALJ's decision became the final decision of the Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

## III. The Administrative Decision

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2020, the alleged onset date. (AR, at 21). At Step Two, the ALJ determined Plaintiff did not have a severe impairment or combination of impairments.[4] (*Id*. at 22). The ALJ then found:

> Even if the undersigned had found that [Plaintiff's] combined impairment constituted a "severe" impairment, then the undersigned would have found that [Plaintiff] has no physical limitations or restrictions. The undersigned would have further found that [Plaintiff] has the following mental abilities and limitations: [Plaintiff] can understand, remember, and carry out simple tasks with routine supervision, but not detailed or complex tasks. [Plaintiff] can understand, remember, and carry out simple instructions with routine supervisions, but not detailed or complex instructions. [Plaintiff] can make judgements on simple work-related decisions, but not on detailed or complex work-related decisions, nor decisions essential to safety or personnel actions. Within this context, [Plaintiff] has the concentration, persistence, and pace to focus for normal eight-hour workdays (with normal work breaks that occur about every two hours throughout normal eight-hour workdays) and normal forty-hour workweeks on an ongoing basis. [Plaintiff] can interact appropriately with co-workers and supervisors to learn tasks, accept criticism, and attend meetings. [Plaintiff] can interact appropriately with the public on an occasional basis. [Plaintiff] can respond appropriately to usual work situations and to changes in a routine work setting that are simple, but not detailed or complex. [Plaintiff] has no other mental limitations or restrictions.

---

[4] The ALJ found Plaintiff had the following medically determinable impairments: chronic obstructive pulmonary disease, tobacco abuse, dental caries, hypokalemia, left ovarian cyst, left temporomandibular joint disorder, sexually transmitted infection, migraines, acquired hypothyroidism, chronic hepatitis C, obesity, schizoaffective disorder (bipolar type), depression, bipolar I disorder, generalized anxiety disorder, social anxiety disorder, panic disorder, attention deficit hyperactivity disorder, post-traumatic stress disorder, and substance addiction disorder (marijuana). (AR, at 22).

(*Id.* at 45).[5]  The ALJ then relied on "the Social Security Administration's expedited process" and made no finding regarding Plaintiff's past relevant work.  (*Id.* at 46).  The ALJ found that "[e]ven if the undersigned had found that [Plaintiff's] impairments constituted a severe impairment," she could perform jobs existing in significant numbers in the national economy, such as laundry worker, hand packager, and garment bagger.  (*Id.* at 46-47).  Thus, the ALJ found that Plaintiff had not been under a disability since April 1, 2020.  (*Id.* at 47).

## IV.  Claims Presented for Judicial Review

Plaintiff contends: (1) the ALJ erred by finding Plaintiff did not have a severe impairment; (2) the ALJ did not properly consider the prior administrative findings of the state agency doctors who reviewed Plaintiff's mental impairments; (3) the opinion of the post-hearing medical examiner had no probative value due to errors in the report; (4) the ALJ did not properly consider the opinion of Plaintiff's treating psychiatrist; (5) the ALJ failed to consider Plaintiff's problems and accommodations at her part-time work, and (6) the ALJ did not make a proper consistency evaluation.  (Doc. 6, at 12-30).  The Commissioner asserts Plaintiff's claims are without merit.  (Doc. 13).  As set forth fully below, the Court finds the ALJ erred in his consideration of the prior administrative medical findings.

---

[5] "'If the claimant has no impairments, the [ALJ] can end the review' process." *Todorova v. Comm'r, SSA*, 762 F. App'x 510, 513-14 (10th Cir. 2019) (quoting *Smith v. Colvin*, 821 F.3d 1264, 1266 (10th Cir. 2016)).  Nevertheless, the ALJ engaged in additional analysis.

V.   **Analysis**

   A.   **The ALJ Erred in His Consideration of the Prior Administrative Medical Findings From State Agency Mental Evaluators**

      1.   **Proper Consideration of Prior Administrative Medical Findings**

An ALJ is required to evaluate the prior administrative medical findings of record. *See* 20 C.F.R. § 404.1520c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record."). "A prior administrative medical finding is a finding, other than the ultimate determination about whether [a claimant] is disabled, about a medical issue made by . . . Federal and State agency medical and psychological consultants at a prior level of review . . . in [the] current claim based on their review of the evidence in [the] case record." *Id.* § 404.1513(a)(5) (including the existence and severity of impairments and symptoms, statements about whether an impairment meets or medically equals a listing, the RFC, and how failure to follow prescribed treatment relates to the claim).

An ALJ considers prior administrative medical findings using five factors: supportability; consistency; relationship with the claimant; specialization; and other factors, such as "a medical source's familiarity with the other evidence in a claim." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors. *Id.* § 404.1520c(a). "Supportability" examines how closely connected a medical opinion or prior administrative medical finding is to the medical source's objective medical evidence and supporting explanations: "The more relevant the objective medical evidence and

7

supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s) is, the more persuasive the medical opinion(s) or prior administrative medical findings will be." *Id.* § 404.1520c(c)(1). "Consistency," on the other hand, compares a medical opinion or prior administrative medical finding to the other evidence: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2). The ALJ must articulate how persuasive he finds a medical opinion or prior administrative medical finding. *Id.* § 404.1520c(b). In doing so, the ALJ is required to "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings." *Id.* § 404.1520c(b)(2).[6] The ALJ's rationale must be "sufficiently specific" to permit meaningful appellate review. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

### 2. The ALJ's Consideration of the Prior Administrative Medical Findings

Dr. Joan Holloway and Dr. Joy Kelley, both state agency psychological consultants, completed Psychiatric Review Technique assessments as part of their evaluations. (AR, at 124-25). Relevant at Step Two, Dr. Holloway and Dr. Kelley found Plaintiff had: (1)

---

[6] An ALJ must consider, but need not explicitly discuss, the remaining factors (relationship with the claimant, specialization, and other factors) unless there are differing medical opinions on an issue and those opinions are equally well-supported and consistent with the record. *See* 20 C.F.R. § 404.1520c(b)(2), (3).

moderate limitations in her ability to understand, remember, or apply information; (2) moderate limitations in her ability to interact with others; (3) moderate limitations in her ability to concentrate, persist, or maintain pace; and (4) mild limitations in her ability to adapt or mange herself.  (*Id.* at 124-25, 145). The ALJ summarized Dr. Holloway's and Dr. Kelley's findings and found they were

> at odds with the other evidence of record, including [Plaintiff's] work activity throughout the period, documented activities of daily living, and the minimal treatment records in evidence.  Instead, the undersigned finds the medical opinion of the impartial medical expert, Dr. Garber, who is a Board-Certified psychiatrist, more consistent and persuasive, given her ability to review the entire record and her credentials.

(*Id.* at 36; 37).

In assessing Plaintiff's RFC, Dr. Holloway and Dr. Kelley each found Plaintiff had moderate limitations in her ability to understand and remember detailed instructions; carry out detailed instructions; and interact appropriately with the general public.  (*Id.* at 127, 148-49).  They each concluded that Plaintiff

> is able to understand, recall and perform simple and some detailed tasks with routine supervision making appropriate judgments and decisions not essential to safety and personnel actions. [Plaintiff] is able to attend for two-hour periods with routine breaks and pace and persist for 8-hour workday and 40-hour workweek despite psychological symptoms. [Plaintiff] is able to interact appropriately with coworkers and supervisors to learn tasks, accept criticism, and attend meetings. [Plaintiff] can interact with the general public on an incidental basis. [Plaintiff] is able to adapt to work setting and some forewarned changes in a usually stable work situation.

(*Id.* at 128, 150).

The ALJ restated Dr. Holloway's and Dr. Kelley's conclusions and stated:

> [i]f the undersigned found that [Plaintiff's] combined impairments were severe, then the undersigned would have found the medical opinions by Dr.

9

> Kelley and Dr. Holloway are well-supported by the evidence and are generally persuasive. Although neither personally examined [Plaintiff], they provided specific relevant evidence to support same, including medical signs in their assessments to support same, as well as detailed explanations for same which the undersigned adopts and incorporates into this decision, enhancing supportability of same. Their opinions are also consistent with each other. Further, their understanding of the disability programs further support the persuasiveness of their opinions. Nevertheless, the undersigned finds the later opinion of the impartial medical expert, Dr. Garber, more persuasive, as she was able to review the entire record and her specialty and credentials are unmatched by these consultants.

(*Id.* at 46). The ALJ then assessed an RFC more limited than Dr. Kelley and Dr. Holloway's opinion. *See supra* § III, (AR, at 45) (finding Plaintiff could not understand, remember, and carry out any detailed or complex tasks or instructions and that Plaintiff could respond appropriately to usual work situations and to changes in a routine work setting that are simple, but not detailed or complex).

### 3. The ALJ's Two Conclusions Regarding the Mental Prior Administrative Medical Findings Are Inconsistent and Undermine His Step Two Finding.

Plaintiff argues that the ALJ's consideration of Dr. Holloway's and Dr. Kelley's findings at Step Two[7] and the RFC stages are "diametrically opposed" and that the ALJ

---

[7] At the second step of the sequential evaluation, the ALJ considers "whether the claimant has a medically severe impairment or combination of impairments." *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). The SSA's "severity regulation," *see* 20 C.F.R. § 404.1520(c), governs the determination. *Id.* at 141. Under the regulation, "[i]f [the claimant] do[es] not have any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities, [the ALJ] will find that [he claimant] do[es] not have a severe impairment and [is], therefore, not disabled." 20 C.F.R. § 404.1520(c). *See Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). Although the claimant must make only a "de minimis" showing that the medical condition is medically severe, he or she "must show more than the mere presence of a condition or ailment." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997).

failed to explain how they were simultaneously at odds with the other evidence of the record and well-supported by the evidence and generally persuasive. (Doc. 6, at 14). Plaintiff's argument is well taken. The ALJ effectively rejected the mental findings in his analysis at Step Two for being inconsistent with the evidence, (AR, at 36-37),[8] but then found them "generally persuasive" at the RFC stage because they were well-supported by and consistent with the evidence. (*Id*. at 46). This unexplained discrepancy between the analysis of the findings at Step Two and at the RFC stage amounts to error. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1223-24 (10th Cir. 2004) ("find[ing] the ALJ's RFC determination problematic and suspect" where "the ALJ's 1998 decision used almost exactly the same language and relied on nearly the same evidence as the 1994 decision but provided no explanation for why the same evidence would result in a different conclusion"); *Digiantomasso v. Saul*, No. CIV-19-631-C, 2020 WL 5228150, at *10 (W.D. Okla. Aug. 6, 2020) (finding that the ALJ "inexplicably conclude[d] Dr. Bohnstedt's opinion is now inconsistent with the record as a whole" where the ALJ gave controlling weight to Dr. Bohnstedt's opinion in an earlier decision), *report and recommendation adopted*, 2020 WL 5222406 (W.D. Okla. Sept. 1, 2020); *Hernandez v. Saul*, at *4 (E.D. Cal. Jan. 11, 2021) ("Material inconsistencies and ambiguities in the ALJ's decision generally warrant remand.") (citing *Perez v. Astrue*, 250 Fed. App'x. 774, 776 (9th Cir.

---

[8] At Step Two, the ALJ did not directly state how persuasive he found the findings, but he found them "at odds with" the evidence and less persuasive than Dr. Garber's opinion. (AR, at 36-37). And unlike Dr. Holloway and Dr. Kelley, the ALJ found Plaintiff had only mild limitations in her ability to understand and remember detailed instructions, carry out detailed instructions, and interact appropriately with the general public. (*Id.* at 40-44).

11

2007)); *Lisa B. v. Comm'r of Soc. Sec. Admin.*, 2022 WL 4591302, at *7 (S.D. Ohio Sept. 30, 2022) (remanding in part because the court was "unable to reconcile the ALJ's disparate conclusions" when the ALJ relied on the opinion of Dr. Myers because it was consistent with Dr. Jones's opinion, but gave little weight to Dr. Jones's opinion because the opinions were inconsistent with each other). This is particularly so here, where the ALJ's analysis at the RFC stage – that the prior administrative medical findings were well-supported by the evidence and generally persuasive – is at odds with he ALJ's finding at Step Two – that Plaintiff's impairments were not severe under the *de minimis* standard.

The Commissioner does not dispute the ALJ offered irreconcilable explanations regarding Dr. Holloway's and Dr. Kelley's findings. Instead, he argues that the ALJ's consideration of the prior administrative medical findings after Step Two did not amount to a continuation of the sequential evaluation process, but instead discussed a hypothetical scenario. (Doc. 13, at 19-20). So, the Commissioner contends, "the ALJ did not make alternative findings." (*Id.* at 20). The Commissioner did not supply any authority for the proposition that the Court can disregard the ALJ's analysis in a hypothetical scenario. So, even if the ALJ's RFC analysis can be considered superfluous, the Court will not ignore what plainly appears in the decision.

Additionally, the Commissioner argues that "Plaintiff has not shown any potential injury" because the ALJ's "hypothetical RFC assessment was fully consistent with the limitations assessed by the state agency doctors." (*Id.* at 20). Put another way, the Commissioner asserts any error is harmless. An ALJ's error can be considered harmless where the Court can "confidently say that no reasonable administrative factfinder,

12

following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). The Court is not so confident.

Dr. Holloway's and Dr. Kelley's findings were not the only evidence the ALJ dismissed at Step Two for being "at odds with the other evidence of record" – the ALJ made the same determination as to opinions from Andra Epperly, LPC, and Dr. Francis Armendariz, M.D. (AR, at 36, 39). Despite finding these opinions not persuasive at Step Two for the same reasons as Dr. Holloway's and Dr. Kelley's findings, (*see id.*), the ALJ did not address Ms. Epperly's or Dr. Armendariz's opinions again when formulating an RFC. (*See id.* at 45-46). It stands to reason that the ALJ might have considered Ms. Epperly's and Dr. Armendariz's reports differently had he addressed them again at the RFC stage, considering that he found Dr. Holloway's and Dr. Kelley's findings "well-supported by the evidence" and "generally persuasive" when formulating an RFC.[9] Thus, the Court finds the ALJ's consideration of the evidence at the RFC stage to be incomplete, causing the RFC to be unsupported by substantial evidence, and the ALJ's findings there cannot excuse the error under a harmless error theory.

**B.     The Court Does Not Reach Plaintiff's Remaining Arguments.**

The analysis on remand may be affected by the ALJ's consideration of the error discussed above. Thus, the undersigned does address Plaintiff's remaining arguments. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the

---

[9] Of course, the ALJ might have continued to find Ms. Epperly's and Dr. Armendariz's opinions not persuasive at the RFC stage, but he did not state it. The court "may not create or adopt" such "post-hoc rationalizations to support the ALJ's decision." *Haga v. Astrue*, 482 F.3d 1205, 1207 (10th Cir. 2007).

remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## VI.  Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned **REVERSES** the decision of the Commissioner and **REMANDS** the matter for further proceedings.

**SO ORDERED** this 20th day of February, 2024.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE